THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

MARVIN MATTHEWS,

Plaintiff,

V.                                                    CASE NO.: _____

METAL SHARK LLC dba                     HON. _____
GRAVOIS ALUMINUM BOATS LLC

Defendant.                                        COMPLAINT AND DEMAND FOR
                                                         JURY TRIAL

_____/

LA'DERICAL D. WAGNER, ATTORNEY AT LAW (29470)
Attorneys for Plaintiff

111 French Street
New Iberia, LA 70560
Tel. (337) 365-4008
Fax (517) 369-9003
l.wagner@ladericalwagner.com
_____/

## COMPLAINT AND JURY DEMAND

This is an original proceeding; this case has never been previously dismissed. There is no pending or resolved civil action arising out of the transaction or occurrence which gave rise to this complaint. This is not a class action lawsuit.

## PARTIES

1. Marvin Matthews is a resident of Franklin, Louisiana in St. Mary Parish.

2. Defendant, Metal Shark, LLC, dba GRAVOIS ALUMINUM BOATS, LLC, (hereinafter referred to as "Metal Shark")is a registered business and/or conduct business in St. Mary Parish, Louisiana.

<u>JURISDICTION AND VENUE</u>

3. Plaintiff incorporates and reference paragraphs 1-2 herein.

4. This is a civil action brought pursuant to the Family Medical and Leave Act, 29 U.S.C. § 2601, et seq.

5. This court has original jurisdiction over the federal statutory causes of action pursuant to 28 U.S.C. § 1331.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the defendant resides in St. Mary Parish, Louisiana, and a substantial part of the events giving rise to this claim occurred in St. Mary Parish, Louisiana.

7. The amount in controversy exceeds $25,000.00, exclusive of costs, interest and attorney's fees.

<u>FACTS</u>

8. Plaintiff incorporates and reference paragraphs 1-7 herein.

9. Plaintiff, Marvin Matthews, began working for Defendant Metal Shark on August 5, 2018.

10. Plaintiff Marvin Matthews received merit-based pay raises every year since he began working for Metal Shark.

11.  Plaintiff Marvin Matthews has periodically used FMLA leave to care for his live-in girlfriend and his 16 year-old son, Mekhi Matthews, (who also has a newborn baby) with no issues.

12.  On or about April 20, 2020, Plaintiff had to drive his significant other along with her grandmother to the doctor.  He texted Josh, his supervisor, at 9:37 a.m. who instructed him to bring in the excuse from the physician.  Plaintiff agreed to bring in the paperwork for the excused absence.  On this same day, Plaintiff received notice that his son, 16 year old Mekhi Matthews, had to be in Texas to sign for his child's heart surgery which had been pushed up to April 23, 2020.   Plaintiff notified Meagan Bourque, Human Resources Director, that he needed to take FMLA leave for a few days to be with his son Mekhi Matthews since he was a minor.

13.  On or about April 21, 2020, Ms. Bourque denied Plaintiff's requested FMLA leave.  Plaintiff had already left for Texas to bring his son to the hospital to be there with Mekhi's minor child.

14.  On or about April 22, 2020, Meagan called Plaintiff and told him he was terminated because his FMLA was not approved which resulted in three unexcused absences, all of which he had a medical excuse.

15.  Plaintiff had proof from the Texas Children's Hospital showing that he was there with his minor son and grandson who was admitted to the Cardiac Intensive Care Unit.

16.  Between 2018 and 2020, Plaintiff Marvin Matthews requested intermittent FMLA leave to accompany his live-in girlfriend and children to a number of other procedures and medical appointments. However, this leave never exceeded more than 12 workweeks in a period of 12 months.

## DISCRIMINATION/RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

17.  Plaintiff references and incorporates paragraphs 1-16 herein.

18.  Pursuant to the Family and Medical Leave Act ("FMLA"), "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period...[i]n order to care for the spouse, or a son, or daughter, or parent, of the employee if such spouse, or, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). This type of leave may be taken intermittently when medically necessary. See 29 U.S.C. § 2612(b)(1).

19.  Plaintiff Marvin Matthews is an eligible employee as defined by the FMLA. See 29 U.S.C. § 2611(2)(A)(i)-(ii).

20.  Defendant Metal Shark is an employer as defined by the FMLA. See 29 U.S.C. § 2611(4)(A)(iii); see also 29 C.F.R. § 825.104(d).

21.  Pursuant to the FMLA,"[i]t shall be unlawful for an employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful," by the FMLA. 29 U.S.C. § 2615(a)(2).

22.  Plaintiff Marvin Matthews' minor son, who has a child, had a serious health condition as defined by the FMLA. See 29 U.S.C. § 2611(11). He had been battling this ongoing, serious health condition since birth.

23.  Plaintiff Marvin Matthews engaged in an activity protected by the FMLA when he took leave from work on or around the following dates, to care for his son, who was a minor and had a child with a serious health condition: April 21-24, 2020 at Texas Children's Hospital.

24.  Plaintiff's FMLA leave never exceeded 12 workweeks in any 12 month period.

25.  Defendant knew that Plaintiff was exercising his rights under the FMLA because each time he requested leave, Defendants approved it as FMLA leave.

26.  Plaintiff Marvin Matthews was discharged by Defendants on April 22, 2020, in retaliation for exercising his rights under the FMLA. Human Resource Director, Meagan Bourque, stated that Plaintiff was terminated due to 3 unexcused absences beginning on April 20, 2020.

27.   As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff Marvin Matthews has suffered loss of compensation, loss of future income, loss of benefits, and loss of employment opportunities.

RELIEF REQUESTED

WHEREFORE, for all the reasons stated above, Plaintiff respectfully requests that this Court issue a judgment against Defendants for the following relief:

1. Compensatory damages;

2. Liquidated damages;

3. An award of interests, costs and reasonable attorney's fees and expert witness fees;

4. An order reinstating Plaintiff to an appropriate position with Defendant;

5. An injunction prohibiting further acts of wrongdoing, discrimination, or retaliation; and

6. Whatever other equitable relief appears appropriate at the time of final judgment.

Dated: August 19, 2021

Respectfully submitted,

/S/La'Derical D. Wagner
La'Derical D. Wagner, Attorney at Law (29470)
111 French Street

New Iberia, LA 70560
Tel. (337) 365-4008
Fax (337) 369-9003
l.wagner@ladericalwagner.com