UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARVIN MATTHEWS** | **CASE NO.  6:21-CV-02620** |
| **VERSUS** | **JUDGE JUNEAU** |
| **METAL SHARK L L C** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING AND ORDER

Before the Court is the Rule 12(b)(6) Motion to Dismiss filed by Defendant, Metal Shark, LLC. (Rec. Doc. 4). Plaintiff opposed the Motion (Rec. Doc. 7), and Metal Shark replied (Rec. Doc. 10). Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court orders that the Motion to Dismiss is DENIED at this time and that Plaintiff shall have the opportunity to seek leave to amend his Complaint within fourteen (14) days of the entry of this ruling. The denial of Defendant's motion does not prejudice its right to reurge a motion to dismiss after the filing of Plaintiff's amended complaint, if warranted.

## Factual Background

Plaintiff filed this suit against his former employer alleging discrimination and retaliation in violation of the Family and Medical Leave Act. Plaintiff alleges that in April 2020 he requested FMLA leave from Metal Shark in order to bring his 16 year

old son, Mekhi, to Texas for Mekhi's infant son's (Plaintiff's grandson's) heart surgery. (Rec. Doc. 1, ¶12-13). Plaintiff alleges that Metal Shark denied his request and thereafter terminated him when his absence for the medical trip caused three unexcused absences. (Rec. Doc. 1, ¶12-13). Metal Shark seeks dismissal pursuant to Rule 12(b)(6) on the grounds that Plaintiff was not entitled to claim FMLA leave for care of his grandson and where Plaintiff's minor son, Mekhi, did not suffer from a serious health condition.

## **Law and Analysis**

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power*

*Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

Under the Family Medical and Leave Act, employees are entitled to take twelve weeks during a one-year period in order to, as applicable here, care for the employee's spouse, child, or parent if such spouse, child, or parent has a serious health condition. 29 U.S.C. §1612(a)(1)(c). Under the definitions, the term "son or daughter" means a biological, adopted, or foster child, a stepchild, a legal ward, or a child of a person standing in loco parentis, who is (A) under 18 years of age; or (B) 18 years of age or older and incapable of self-care because of a mental or physical disability. 29 U.S.C.A. § 2611 (West). Black's Law Dictionary defines "in loco parentis" as "of, relating to, or acting as a temporary guardian or caretaker of a child, taking on all or some of the responsibilities of a parent." Black's Law Dictionary (11th ed. 2019). See also *Pratz v. Louisiana Polytechnic Inst.,* 316 F. Supp. 872, 877, fn. 2 (W.D. La. 1970), *case dismissed,* 401 U.S. 951, 91 S. Ct. 1186,

28 L. Ed. 2d 234 (1971), and *aff'd,* 401 U.S. 1004, 91 S. Ct. 1252, 28 L. Ed. 2d 541 (1971). Thus, as applicable to the case at bar, under §1612 an employee may take FMLA leave to care for 1) a child with a serious health condition; or 2) a sick minor for whom the employee acts as parent.

The Complaint does not allege that Plaintiff's 16-year-old son, Mekhi, suffered a serious health condition. Neither does the Complaint allege facts sufficient to show that Plaintiff stood in loco parentis for Mekhi's son. Plaintiff alleges only that he had to drive Mekhi to Texas to sign for his (Mekhi's) son's heart surgery. (Rec. Doc. 1, ¶12). The Complaint does not allege any facts suggesting that Plaintiff acted as a temporary caretaker of his grandson or otherwise took on some or all of the responsibilities of the parent. Hence, the Court finds that Plaintiff has failed to state a claim under the FMLA. Nevertheless, it would be reasonable to assume the parent of a 16 year old child would assist with the raising of the child's own child.

Under Fed. R. Civ. P. 15, a court should freely give leave to amend a complaint when justice so requires. Therefore, a court "[g]enerally. . . should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'" *Hernandez v. Ikon Office Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). See also *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (noting that "[a] complaint sought to be dismissed

4

under Rule 12(b)(6) may generally be amended to cure its deficiencies."). Indeed, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

The Court finds that it would be inequitable to dismiss Plaintiff's Complaint without allowing him an opportunity to remedy the lack of facts regarding Plaintiff's responsibilities (if any) he assumed for his grandson.

## Conclusion

For the reasons discussed herein,

IT IS ORDERED that the Motion to Dismiss is DENIED WITHOUT PREJUDICE to allow Plaintiff the opportunity to seek leave to amend his Complaint within fourteen (14) days of the entry of this ruling. Thereafter the Defendant may reurge its motion to dismiss if warranted.

THUS DONE in Chambers, Lafayette, Louisiana on this 4th day of January, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE